**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
6411 Ivy Lane, Suite 710
Greenbelt, Maryland 20770
Phone: 301-344-0600
Fax:   301-344-0019

JAMES WYDA
FEDERAL PUBLIC DEFENDER

AMY S. FITZGIBBONS
ASSISTANT FEDERAL PUBLIC DEFENDER

March 7, 2014

Honorable Roger W. Titus
U.S. District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, Maryland 20770

Re:     *United States v.  Alexander Bailey,*
        Crim. No. RWT-13-0450

Dear Judge Titus:

This Office represents Mr. Bailey in the above-referenced matter.  The government and the defense could not reach agreement regarding the terms of his guilty plea.  Accordingly, Mr. Bailey will be pleading guilty to the indictment without the benefit of a plea agreement.  As a result, I am submitting the following letter to memorialize the factual basis for Mr. Bailey's plea, to confirm that Mr. Bailey has knowingly and voluntarily agreed to plead guilty, and to assist the Court in the Rule 11 colloquy.

Offense of Conviction

1.      The Defendant agrees to plead guilty to the two-count indictment now pending against him, which charge him with: (1) obstruction of interstate commerce by robbery, in violation of 18 U.S.C. § 1951(a); and (2) carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c).  The Defendant admits that he is, in fact, guilty of the offenses and will so advise the Court.

Elements of the Offense

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which the Government would prove if the case went to trial are as follows:

Count One (a) the defendant knowingly took the personal property of another, or from the presence of another; (b) the defendant took the property against the victim's will by actual or threatened force, violence, or fear of injury, whether immediate or in the future, (c) and as a result of the

1

result of the defendant's actions, interstate commerce, or an item moving through interstate commerce, was delayed, obstructed, or affected in any way or degree. Count Two (a) the defendant committed a crime of violence, specifically, obstruction of interstate commerce by robbery as charged in Count One, for which he might be prosecuted in a court of the United States; (b) the defendant knowingly brandished a firearm during and in relation to the commission of the crime charged in Count One.

## Penalties

3.    The maximum sentence provided by statute for the offense to which the Defendant is pleading guilty is as follows: (a) Count One: 20 years imprisonment, followed by a term of supervised release of not more than three years, and a fine not to exceed $250,000; (b) Count Two: imprisonment for life with a mandatory minimum term of seven years consecutive to any other term of imprisonment imposed followed by a term of supervised release of no more than five years, and a fine not to exceed $250,000.  In addition, the Defendant must pay $200 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.  If a fine is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.  The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release.  The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

## Waiver of Rights

4.    The Defendant understands that by pleading guilty, he surrenders certain rights as outlined below:

   a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel.  That trial could be conducted by a judge, without a jury, if the Defendant, the Government, and the Court all agreed.

   b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.  Undersigned counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and the Defendant would have the opportunity to strike a certain number of jurors peremptorily.  All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.  Similarly, all twelve jurors would have to agree in order for the Defendant to be found not guilty.  If a unanimous verdict of guilty or not guilty did not occur, the government could retry the case as many times as is necessary in order to have a jury reach a unanimous verdict. The Court would instruct the jury that the Defendant was presumed to be

c.      If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt.  The Defendant would have the right to confront and cross-examine the Government's witnesses.  The Defendant would not have to present any defense witnesses or evidence whatsoever.  If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify.  If he chose not to testify, the Court would instruct the jury that it could not draw any adverse inference from his decision not to testify.  In other words, the Court would tell the jury that it could not believe that the Defendant was guilty simply because he did not testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict to see if any errors were committed which would require a new trial or dismissal of the charges against him.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right to appeal the sentence.  By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case.  Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights.

## Advisory Sentencing Guidelines Apply

5.      The Defendant understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998.  The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, and must take into account the advisory guidelines range.

Factual Stipulation and Guideline Calculation

6.      Mr. Bailey understands, agrees and stipulates to the following statement of facts:

On July 3, 2013, the defendant, ALEXANDER MICHAEL BAILEY, entered a cellular telephone store operated by UCOMM Maryland, Inc., d/b/a/ Cricket Wireless, located in Oxon Hill, Maryland, brandished a firearm, and demanded an employee of the store open the register and give BAILEY the money. The victims feared for their lives and complied with the demand. BAILEY thereafter fled from the store, escaping with $302 in United States currency. U COMM Maryland Inc., d/b/a Cricket Wireless, located in Oxon Hill, Maryland, engages in interstate commerce by, among other things, obtaining goods for sale from warehouses located out of state. BAILEY's actions therefore obstructed, affected and interfered with interstate commerce.

7.      The defense submits that the following advisory sentencing guidelines apply in this case:

      a.   Count One: The base offense level is **20**, pursuant to U.S.S.G. § 2B3.1. Because the Defendant is also pleading guilty to a violation of 18 U.S.C. § 924(c), there is no enhancement for brandishing the firearm, pursuant to U.S.S.G. § 2K2.4, Application Note 4.

      b.   The Defendant would be entitled to a **2**-level reduction in the adjusted offense level, based upon the Defendant's prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. It is the Defendant's position that the Government has no basis for withholding an additional **1**-level reduction in recognition of his timely notification of his intention to plead guilty. As to Count One, the final offense level is **17.**

      c.   Count Two: Pursuant to 18 U.S.C. § 924(c)(1)(A) and U.S.S.G. § 2K2.4, the guideline sentence is the mandatory minimum term of imprisonment of seven years, to be imposed consecutive to any sentence imposed in Count One.

Criminal History

8.      The Defendant understands that there is no agreement as to his criminal history, which will be determined, in part, by the preparer of the Pre-Sentence Report, and that his criminal history could alter his offense level and his advisory guideline range.

Sentence Within the Discretion of the Court

9.      The Defendant understands that under the current state of the law in the federal system, the sentence to be imposed is within the sole discretion of the Court. The Defendant understands that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. In determining the factual basis for the sentence, the Court will consider the stipulated statement of facts, together with the results of the presentence investigation, and

other relevant information.  The Defendant understands that the Court is under no obligation to accept any recommendation from the Defendant or the government regarding the sentence, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.  The Defendant understands that if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to his guilty plea.  The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.  The Defendant agrees that no one has made such a binding prediction or promise.

## Conclusion

I have carefully reviewed every part of this letter with Mr. Bailey.  To my knowledge, his decision to plead guilty to the offenses charged in the Indictment as set forth in this letter is an informed and voluntary one.

Respectfully Submitted,

Amy S. Fitzgibbons
Assistant Federal Public Defender


I have carefully discussed this letter with my attorney.  I understand it, and I voluntarily agree to it.  Specifically, I have reviewed the Factual Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

3/7/14
Date

Alexander Michael Bailey

cc:     Kelly Hayes, Assistant United States Attorney